IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KING VISION PAY PER VIEW , LTD | CIVIL ACTION |
| VS | |
| 401 HOLLY, INC. and<br>JOHN IANNA | No. 02-CV-3020 |

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, 401 Holly, Inc. and John Ianna by and through their attorney John J. McCreesh, IV, file this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and in support of such motion aver the following facts:

1. Plaintiff filed this action on May 22, 2002. A true and correct copy of the complaint is attached as Exhibit A.

2. Defendant is filing contemporaneous with the filing of this motion their answer and affirmative defenses, including the affirmative defense of statute of limitations. See Exhibit B.

2. Plaintiff's complaint alleges that the defendants violated Cable Communications Act sections 47 U.S.C. 605 and sections 553 on March 3, 2000 (see paragraph 14 of the complaint).

3. Plaintiff's complaint was filed more than two years after March 3, 2000.

4. In a case directly on point in the United States District Court for the E.D. of Pennsylvania decided February 13, 2002 by the Honorable J. Schiller, Kingvision Pay-Per-View, Ltd. v. 898 Belmont, Inc. 2002 WL 215978 (No. 01-CV-2970) it was held that the applicable

statute of limitations for cases brought under 47 U.S.C. 605 and 553 in the Eastern District of Pennsylvania is two years.

5. Plaintiff's case is filed more than two years from the date of the incident and therefore should be dismissed under the applicable statute of limitations.

WHEREFORE, defendants requests this Honorable Court to grant defendant's motion for Judgment on the Pleadings and dismiss the case for failure to file the complaint within the applicable statute of limitations.

Respectfully submitted,

John J. McCreesh, IV
Attorney for Defendants
.
 Identification No. 68944
7053 Terminal Square
Upper Darby, PA 19082
(610) 734-2160

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KING VISION PAY PER VIEW , LTD | CIVIL ACTION |
| VS | |
| 401 HOLLY, INC. and<br>JOHN IANNA | No. 02-CV-3020 |

_____

ORDER

    AND NOW, this             day of                      , 2002, upon consideration of defendants' Motion for Judgment on the Pleadings it is hereby ORDERED and DECREED that such motion is GRANTED and that all claims against defendants are DISMISSED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KING VISION PAY PER VIEW , LTD | CIVIL ACTION |
| VS | |
| 401 HOLLY, INC. and<br>JOHN IANNA | No. 02-CV-3020 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS

I. FACTS

Plaintiff has alleged that defendants violated 47 U.S.C. 605 and 47 U.S.C. 553 for intercepting a communication service offered over a cable system.  The alleged violation involved a championship boxing event held on March 3, 2000 (see par. 14 of plaintiff's complaint).  Defendants have filed an answer to the complaint denying such allegations, and the pleadings are now closed.  The complaint was filed on May 22, 2002 which is more than two years after the alleged violation.

II. ARGUMENT

The Judge Schiller of the United States District Court for the Eastern District of Pennsylvania recently decided that the applicable statute of limitations in cases brought under 47 U.S.C. 553 and 47 U.S.C. 605 is two years.  Kingvision Pay-Per-View, Ltd. v. 898 Belmont, Inc., 01-CV-2970, 2002 WL 215978 (E.D.Pa. 2002) (Memorandum Opinion not reported in F.Supp.2d.)

Sections 553 and 605 do not contain a statute of limitations. Therefore, Judge Schiller borrowed the limitations period from section 18 Pa.Cons.Stat.Ann. 910 which prohibits the "interception of signals over cable television or satellite distribution system." In the <u>898 Belmont</u> case, Kingvision argued that the three year statute of limitations found in the Copyright Act, 17 U.S.C. 507(b). However, Judge Schiller determined, "because Section 910 is parallel in substance and form to the Cable Act, it is the 'closer fit' the Supreme Court contemplated as the appropriate source from which to borrow a statute of limitations." <u>Kingvision v. 898 Belmont</u> at p. 2, citing <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350, 357, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

III. <u>CONCLUSION</u>

The <u>898 Belmont</u> case is directly on point with the case at hand. There, is no dispute that the complaint was filed more than two years after the alleged violation. Due to the "close fit" between the Pennsylvania statute which calls for a two year statute of limitations, this court should "borrow" the same statute of limitations of two years. Therefore, the case is filed outside of the statute of limitations and should be dismissed.

Respectfully submitted,

_____
John J. McCreesh, IV, Esq.
Attorney for Defendants

7053 Terminal Square
Upper Darby, PA 19082
(610) 734-2160

Case 2:02-cv-03020-MAM   Document 3   Filed 06/11/2002   Page 6 of 6